IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| KEVIN L. BELL<br>*Plaintiff*,<br><br>vs.<br><br>FIRSTCASH, INC., and<br>CASH AMERICA PAWN, L.P.,<br>*Defendants*. | §<br>§<br>§  CIVIL ACTION NO. 5-19-cv-69-RWS<br>§<br>§  JURY DEMANDED<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Kevin L. Bell who, for his First Amended Complaint, states as follows:

### I.

### Preliminary Statement

1. Plaintiff Kevin L. Bell, who was discriminated against because of his race, commences this action pursuant to Title VIII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.,* which prohibits in relevant part employment discrimination based on race; 42 U.S.C. §1981, which protects employees against intentional discrimination based on race; and 42 U.S.C. §1981a, which provides in relevant part for damages in cases of intentional discrimination in employment.

2. Specifically, Plaintiff Bell was subjected to a hostile work environment and fired because of the color of his skin.

3. Plaintiff Bell seeks compensatory damages, punitive damages, injunctive relief, and statutory attorneys' fees and costs.

4. The incidents giving rise to this lawsuit occurred from 2015 through May 31, 2016. Plaintiff Bell worked for Cash America International, Inc., which was a corporation licensed to do business in Texas, and/or Cash America Pawn, L.P., which is a partnership licensed to do business in Texas. On September 1, 2016, Cash America International, Inc., merged with First Cash Financial Services, Inc., to become FirstCash, Inc., a Delaware corporation licensed to do business in Texas. Cash America Pawn, L.P., is a subsidiary of FirstCash, Inc. Therefore, FirstCash, Inc., and Cash America Pawn, L.P., are proper party Defendants to this lawsuit.

## II.

## Jurisdiction

5. Jurisdiction over Plaintiff Bell's Title VII claim is conferred on this Court by 42 U.S.C. §2000e-5(f)(3). Jurisdiction over Plaintiff Bell's 42 U.S.C. §1981 and §1981a claims is conferred on this Court by 42 U.S.C. §1343(a)(3) which provides in relevant part that district courts shall have original jurisdiction over any civil action commenced by any person under any Act of Congress providing for equal rights of citizens.

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331 which provides in relevant part that district courts shall have original jurisdiction over all civil actions arising under the Constitution and laws or treaties of the United States.

## III.

## Venue

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.

## Parties

8. Plaintiff Kevin L. Bell is a citizen of the United States and a resident of Miller County, Arkansas.

9. Defendant, FirstCash, Inc., can be served through counsel, Lindsay M. Daum, Assistant General Counsel for FirstCash, Inc., 1600 West 7th Street, Fort Worth, Texas 76102.

10. Defendant, Cash America Pawn, L.P., can be served through counsel, Lindsay M. Daum, Assistant General Counsel for FirstCash, Inc., 1600 West 7th Street, Fort Worth, Texas 76102.

## V.

## Procedural History

11. Plaintiff Bell filed a timely Charge of Discrimination with the United States Equal Opportunity Commission (hereinafter EEOC) in connection with his Title VII claim on or about October 31, 2016, and then again on June 1, 2017.  He received his Notice of Right to Sue Letter on March 1, 2019.

12. Plaintiff Bell's remaining claims have no procedural or exhaustion requirements that must be satisfied prior to filing suit.

## VI.

## Facts

13. Plaintiff Kevin L. Bell is an African-American.

14. Plaintiff Bell was a good and faithful employee for seventeen and a half years.

15. At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

16. Plaintiff Bell was hired by Defendants on July 23, 1998, where he worked for over seventeen years. He was promoted to Assistant Shop Manager in January 1999, and then promoted to Shop Manager in 2002. For the majority of the time that he was Shop Manager - over thirteen years – Plaintiff Bell managed Texarkana #1 located at 1723 New Boston Road in Texarkana, Texas. Plaintiff Bell was then transferred to Texarkana #3 located at 2826 New Boston Road, Texarkana, Texas, for the last six months and then terminated based on his race.

17. Defendant, FirstCash, Inc., is an "employer" engaged in an industry affecting interstate commerce within the meaning of 42 U.S.C. § 2000e-16 and 42 U.S.C. § 2000e(b). Prior thereto, Cash America International, Inc., was at all relevant times an "employer" engaged in an industry affecting interstate commerce within the meaning of 42 U.S.C. § 2000e-16 and 42 U.S.C. § 2000e(b).

18. Defendant, Cash America Pawn, L.P., is an "employer" engaged in an industry affecting interstate commerce within the meaning of 42 U.S.C. § 2000e-16 and 42 U.S.C. § 2000e(b).

19. Plaintiff Bell was discriminated against because he was not paid the same or more than the white shop managers who were not more educated nor were they more experienced with the company. In fact, Plaintiff Bell trained them to do the same job he was doing.

18. Plaintiff Bell was denied a larger store for a lengthy period of time despite his experience with and loyalty to the Defendants, which stores were given to white employees with less experience and less seniority with the Defendants, all because of his race.

19. Plaintiff Bell states on information and belief that his job related qualifications were equal to if not superior to the job related qualifications of the white persons that were given the larger stores and a higher salary.

20. All or most of the managers, especially of the larger stores, employed by Defendants in the Texarkana, Texas, and surrounding area were white.

21. Plaintiff Bell found out in the Fall of 2015 that the white managers, whom he was training or had trained to do the same job he was doing, were making a higher salary than he was earning.

22. Plaintiff Bell was denied pay matching or greater than that of the other shop managers with whom Plaintiff Bell had equal or greater experience with the Defendants, all because of his race.

23. In the late Fall of 2015, Plaintiff Bell reported the discrimination to his District Manager, David Winn, who supervised Texarkana, Texas, and the surrounding area.

24. Plaintiff Bell told Mr. Winn that it was a "good ole boy system where the whites take care of the whites and the blacks get what they get."

25. Mr. Winn told Plaintiff Bell that he would work on getting Plaintiff Bell higher wages and a larger store.

26. Mr. Winn transferred Plaintiff Bell to a larger store in Texarkana, Texas, that was already a problem store on November 1, 2015, with a very small increases in wages.  Even with the raise, Plaintiff Bell was still earning substantially less than the amounts received by the white shop managers.

27. Six months later, on May 31, 2016, Plaintiff Bell's employment was terminated.

28. Defendants claim the termination was due to a substandard internal audit.

29. However, Defendants set Plaintiff Bell up to fail because Plaintiff Bell complained about the discriminatory treatment.

30. When Plaintiff Bell was transferred to the larger store, Defendants did not perform a complete manager change inventory/audit which might have provided Plaintiff Bell a fair chance.

31. The larger store in Texarkana, Texas, to which Plaintiff Bell was transferred was designed for nine employees.

32. When the inventory audit was conducted, there were five employees with less than three years' total experience between all of them, and then the assistant manager resigned in February of 2016.

33. Despite repeated requests for additional help by Plaintiff Bell, District Manager David Winn failed to supply more employees.

34. A substandard internal audit such as the one that Plaintiff Bell experienced would routinely trigger an investigation, which Plaintiff Bell expected, not a termination.

35. No investigation was performed by Defendants.

36. Plaintiff Bell was simply terminated on May 31, 2016.

37. Plaintiff Bell was set up to fail so that Defendants could get rid of him after he complained about discriminatory treatment by the Defendants.

## VII.

### Damages

38. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

39. As a direct and proximate result of the Defendants' actions described above, Plaintiff suffered injuries which would not have otherwise occurred. Plaintiff pleads for all damages available under federal law, Arkansas state law, and equity, and prays this Court:

- Award Plaintiff all compensatory damages available;

- Award Plaintiff all liquidated damages available;

- Award Plaintiff equitable relief of back salary and fringe benefits and/or front salary and benefits;

- Award Plaintiff all damages for mental anguish and extreme emotional distress;

- Award Plaintiff all damages for loss of reputation;

- Award Plaintiff pre- and post-judgment interest;

- Award Plaintiff costs and attorney's fees;

- Grant such other relief as it may deem just and proper.

40. The acts and omissions of Defendants complained of herein are also intentional, wanton, and willful rendering appropriate the award of punitive damages.

## VIII.

## Causes of Action

41. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

42. Plaintiff Bell belongs to a protected class under Title VII as an African-American male.

43. Plaintiff Bell requested a larger store and equal pay to the white shop managers with less training and experience than Plaintiff Bell had.

44. Defendants rejected Plaintiff Bell's request for equal pay despite his qualifications.

45. Even when Defendants transferred Plaintiff Bell to a larger store, it failed to increase his pay to equal that of the white shop managers.

46. As a direct and proximate cause of the Defendants' acts or omissions, Plaintiff suffered and will continue to suffer severe mental and emotional distress, embarrassment, humiliation, inconvenience, loss of enjoyment of life, loss of reputation, and lost wages and/or lost fringe benefits, past and future, which would not otherwise have been incurred.

47. Defendants' unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

48. Defendants' acts and omissions as set out above amount to violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.  Therefore, Plaintiff Bell is entitled to equitable relief, compensatory damages, punitive damages and a reasonable attorney's fee as authorized by Title VII.

### Second Cause of Action

49. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

50. Defendants' acts and omissions as set out above amount to violations of 42 U.S.C. §1981. Therefore, Plaintiff Bell is entitled to equitable relief, compensatory damages, punitive damages, and a reasonable attorneys' fee as authorized by 42 U.S.C. §1981a.

### IX. JURY DEMAND

51. Plaintiff Bells asserts his rights pursuant to Fed. R. Civ. P. 38, and demands a trial by jury on all issues so triable.

### X. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court:

a. Grant Plaintiff Kevin L. Bell a trial by jury on all issues so triable;

b. Enter judgment against Defendants on behalf of Plaintiff Kevin L. Bell for equitable relief including back-pay, value of lost benefits, compensatory damages, punitive damages, and court costs; and,

    c.    Grant Plaintiff Kevin L. Bell any and all additional relief to which he may appear to be entitled including pre-judgment interest, post-judgment interest, statutory attorney's fees, and costs.

Respectfully submitted,

/s/ Louise Tausch
**LOUISE TAUSCH**
Texas State Bar No. 19680600
Arkansas State Bar No. 86212
Email:  ltausch@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP & HLAVINKA, L.L.P.**
1710 Moores Lane
Texarkana, Texas 75503
TEL:  903/792-8246   FAX:  903/792-5801

**ATTORNEYS FOR PLAINTIFF, KEVIN L. BELL**